IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH ROSALINA, ESQ., SPECIAL ADMINISTRATOR OF THE ESTATE OF MARK L. TURNER, DECEASED** <br> c/o Spangenberg Shibley & Liber LLP <br> 1001 Lakeside Ave., East, Ste. 1700 <br> Cleveland, OH 44114 <br><br> Plaintiff, <br><br> vs. <br><br> **THE METROHEALTH SYSTEM** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **JOSEPH BASKIN, M.D.** <br> 2277 Halcyon Road <br> Cleveland, OH 44122 <br><br> Defendants. | CASE NO. 1:23-cv-2147 <br><br> JUDGE <br><br><br><br> **PLAINTIFF'S COMPLAINT** <br><br><br> *[Trial By Jury Demanded]* |

Now comes Plaintiff, Joseph Rosalina, Esq., Special Administrator of the Estate of Mark L. Turner, Deceased, by and through undersigned counsel, and for his Complaint against the above-named Defendants states and avers as follows:

## NATURE OF THE ACTION

1. This is a civil rights and medical negligence wrongful death action stemming from the deficient treatment that Defendants provided to Plaintiff's Decedent Mark Turner, a 32-year-old detainee at the Cuyahoga County Jail. Mark was found dead in his cell after he was prescribed and administered a toxic combination of drugs from medical care providers at the jail.

2. Plaintiff seeks relief for violations of Decedent's rights secured and guaranteed by Title 42, Section 1983 of the United States Code, the Fourteenth Amendment to the United States Constitution, the laws of the United States, and the laws of the state of Ohio.

3. The claims asserted herein arise from acts, failures to act, and omissions committed while Plaintiff's Decedent, Mark Turner, was in the custody of the Cuyahoga County Jail, where Defendants The MetroHealth System and Joseph Baskin, MD were obligated to provide medical care to all inmates and detainees, including Plaintiff's Decedent. At all times relevant, Defendants were acting under color of law and violated Plaintiff's Decedent's clearly established constitutional rights to necessary medical and mental health care and treatment.

4. Defendants acted unreasonably, willfully, wantonly, maliciously, and with reckless and callous disregard for and deliberate indifference to the serious medical and mental health needs of Mark Turner, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his wrongful and untimely death.

5. Plaintiff seeks monetary damages (compensatory and punitive), as well as an award of costs and attorneys' fees, and all such other relief as the Court deems appropriate.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, including the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

7. The Court has supplemental jurisdiction over state law claims asserted herein pursuant to 28 U.S.C. § 1367.

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

9. Plaintiff Jospeh Rosalina is the Special Administrator of the Estate of Mark Turner and brings this action on behalf of all next of kin of Mark Turner, Deceased.

10. Prior to his death, Decedent Mark Turner was a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution of the United States of America and the laws of the state of Ohio.

11. Defendant The MetroHealth System was and is a hospital licensed by the State of Ohio to provide medical care to its patients through its agents, servants, and employees, both actual and apparent. The MetroHealth System is the county hospital of Cuyahoga County, Ohio as that term is used under Ohio Revised Code Chapter 339. At all times relevant, The MetroHealth System was required to provide adequate, necessary, and reasonable medical and mental health care, screening, assessment, treatment, intervention, referral and attention to detainees at the Cuyahoga County Jail. At all times relevant, Defendant MetroHealth System was acting under color of law. The MetroHealth System is a "person" as defined under Title 42, Section 1983 and is sued in its individual capacity.

12. Defendant MetroHealth System employs physicians, residents and fellows, nurses, and other health care providers to evaluate, care for, and treat patients, and holds itself out to the public as a provider of competent medical care and treatment.

13. Defendant Joseph Baskin, MD is and was a medical doctor providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Baskin was acting within the course and scope of his employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Baskin was acting under color of law. At all times relevant,

Defendant Baskin is and was the medical director of the Cuyahoga County Jail. Defendant Baskin is a "person" as defined under Title 42, Section 1983 and is sued in his individual capacity.

## GENERAL ALLEGATIONS

14. Plaintiff incorporates all the allegations of this Complaint as if fully restated.

15. On November 1, 2022, Decedent Mark Turner was a detainee and/or otherwise detained at and in the custody of the Cuyahoga County Jail. He had been booked into the jail on October 28, 2022.

16. While at the jail, Defendants prescribed and gave/administered medications to Mark, including chlordiazepoxide, buprenorphine, dicyclomine, and doxepin.

17. These prescription medications, when combined, carry known risks of causing life-threatening side effects, including, but not limited to, depression of the central nervous system and respiratory depression. Patients prescribed this combination of medications require close monitoring to protect them from central nervous system and respiratory depressive effects that can lead to death.

18. On November 1, 2022, Mark Turner was found unresponsive in his cell at the Cuyahoga County Jail. He was taken to MetroHealth Medical Center, where he was pronounced dead. Mark was the second inmate to die at the Cuyahoga County Jail on November 1, 2022.

19. An autopsy and toxicology report showed that Mark died of acute intoxication of chlordiazepoxide, buprenorphine, dicyclomine, and doxepin. That is, Mark died from the known combined effects of the medications prescribed to him by Defendants.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF 42 U.S.C. § 1983 FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE FOURTEENTH AMENDMENT
(against all Defendants)

20. Plaintiff incorporates all the allegations of this Complaint as if fully restated herein.

21. At all times relevant, as a pretrial detainee, Decedent Mark Turner had a clearly established right to adequate medical and mental health care under the Fourteenth Amendment's Due Process Clause.

22. Defendants acted with deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of Plaintiff's Decedent Mark Turner, an individual suffering from an obvious and acute medical condition that required appropriate care, treatment, assessment, intervention, referral, medication and attention to prevent substantial physical and mental health deterioration and death.

23. Specifically, Mark Turner presented to the facility with medical issues that required medication. Defendants prescribed and administered to Mark Turner a combination of drugs that individually and in combination carry known risks of serious adverse effects, including depression of the central nervous system and respiratory depression that can cause death. After prescribing this combination of medications, Defendants then failed to properly monitor Mr. Turner for signs and symptoms of the known adverse effects of these medications, individually, and in combination.

24. Defendants knew or should have known that the medications provided to Mark Turner could cause serious and life-threatening adverse reactions. Defendants therefore should not have prescribed this toxic combination of medications under the circumstances, and/or were otherwise required to closely monitor Mark Turner for signs and symptoms of the known dangerous effects of the medications Defendants prescribed and administered to Mark Turner.

25. Despite knowledge of the dangerous and life-threatening effects these medications can and did have, Defendants were deliberately indifferent to and/or acted with callous disregard

for those serious medical and mental health needs in failing and/or refusing to provide necessary medical care, assessment, evaluation, intervention, referral, and treatment.

26. Defendants knew or should have known that prescribing this combination of medications and/or subsequently failing to monitor Mark Turner's condition could and would result in the rapid and permanent deterioration of Mark Turner's health and, ultimately, his death.

27. On November 1, 2022, Defendants observed Mark Turner either unconscious in his cell and/or experiencing signs and symptoms clearly demonstrating a serious medical need that would be apparent to any reasonable person, including, but not limited to, reduced consciousness.

28. As a direct and proximate result of the conduct of the Defendants in denying Mark Turner necessary medical assessment, evaluation, care, intervention, referral, and treatment, Plaintiff's Decedent, Mark Turner, was forced to endure and suffer extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earning and/or benefits.

29. As a direct and proximate result of the conduct of the Defendants in denying Mark Turner necessary medical assessment, evaluation, care, intervention, referral, and treatment, Plaintiff's Decedent, Mark Turner, which resulted in his wrongful and untimely death, Plaintiff's Decedent's next of kin suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss.

**WHEREFORE**, Plaintiff prays for judgment against Defendants named in this Claim for Relief, jointly and severally for the following:

    a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent, for Mark Turner's injuries, damages, and losses;

      b.      Punitive damage in an amount that will serve to adequately punish and deter the conduct alleged herein;

      c.      Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

      d.      All such other relief which the Court deems appropriate.

### SECOND CLAIM FOR RELIEF
### MEDICAL NEGLIGENCE
### SURVIVORSHIP
(against all Defendants)

30.    Plaintiff incorporates all the allegations of this Complaint as if fully restated herein.

31.    Defendants and their agents breached the standard of reasonable medical care in connection with their care and treatment of Mark Turner, as alleged herein, including, but not limited, to prescribing him a regimen and combination of drugs that carry known life-threatening side effects, and not monitoring Mr. Turner for the known adverse side effects of the medications Defendants prescribed and administered to Mark Turner.

32.    Defendants and their agents acted negligently and with reckless and conscious disregard for the safety and well-being of Plaintiff's Decedent, Mark Turner.

33.    As a direct and proximate result of Defendants' negligent and reckless breaches of the applicable standards of care, Plaintiff's Decedent Mark Turner experienced conscious pain and suffering, medical bills, and economic and non-economic damages.

34.    As a direct and proximate result of Defendants' negligent and reckless breaches of the applicable standards of care, Plaintiff's Decedent Mark Turner suffered grievous physical injuries resulting in the permanent loss of organ systems and the inability to perform his activities of daily living.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

  a. Compensatory damages that will fully and fairly compensate Plaintiff, the Estate of Mark Turner, for conscious physical and mental pain that Mark Turner suffered preceding his death, along with the costs of any medical expenses he incurred;

  b. Punitive damages against Defendants in an amount that will serve to adequately punish and deter the conduct alleged herein;

  c. All other relief which the Court deems appropriate.

**THIRD CLAIM FOR RELIEF**
**WRONGFUL DEATH**
(against all Defendants)

35. Plaintiff incorporates all the allegations of this Complaint as if fully restated herein.

36. Defendants and their agents and employees acting within the course and scope of their agency or employment negligently treated Decedent Mark Turner and, more specifically, negligently and recklessly prescribed him a toxic combination of medications and failed to adequately monitor him for life-threatening effects of acute intoxication.

37. As a direct and proximate result of the negligence and recklessness of the Defendants and their agents and employees, Decedent Mark Turner required significant suffered his untimely, preventable and wronful death.

38. As a direct and proximate result of the above-described breaches of the standards of care, Plaintiff's Decedent, Mark Turner, was caused to suffer his untimely and wrongful death on November 1, 2022.

39. As a direct and proximate result of the above-described breaches of the standards of care and reckless conduct, Plaintiff's Decedent's next of kin, including but not limited to two sisters, a brother, and a cousin, suffered damages as set forth in R.C. 2125.02, Ohio's wrongful death statute, including, but not limited to, mental anguish and grief, loss of their Decedent's

support, services, society, companionship, advice, guidance, counsel, instruction, and consortium/love.

**WHEREFORE**, Plaintiff prays for judgment against Defendants named in this Claim for Relief, jointly and severally for the following:

    a.    Compensatory damages in an amount that will fully and fairly compensate Decedent Mark Turner's next of kin for their mental anguish and grief, loss of their Decedent's support, services, society, companionship, advice, guidance, counsel, instruction, and consortium/love;

    b.    All reasonable funeral and burial expenses;

    c.    Costs of suit and reasonable attorney's fees;

    d.    All other damages recoverable under Ohio's wrongful death statute, including all such other relief which the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 1st day of November 2023.

                                  */s/ Nicholas A. DiCello*
                                  NICHOLAS A. DICELLO (0075745)
                                  KEVIN C. HULICK (0093921)
                                  **SPANGENBERG SHIBLEY & LIBER LLP**
                                  1001 Lakeside Avenue East, Suite 1700
                                  Cleveland, OH 44114
                                  (216) 696-3232
                                  (216) 696-3924 (FAX)
                                  ndicello@spanglaw.com
                                  khulick@spanglaw.com

                                  ***Counsel for Plaintiff***