IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH ROSALINA, ESQ., SPECIAL ADMINISTRATOR OF THE ESTATE OF MARK L. TURNER, DECEASED** <br> c/o Spangenberg Shibley & Liber LLP <br> 1001 Lakeside Ave., East, Ste. 1700 <br> Cleveland, OH 44114 <br><br>         Plaintiff, <br><br> vs. <br><br> **THE METROHEALTH SYSTEM** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **JOSEPH BASKIN, M.D.** <br> 2277 Halcyon Road <br> Cleveland, OH 44122 <br><br> and <br><br> **DANIEL GAUNTNER, APRN-CNP** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **COLLEENE COYNE-HALL, APRN-CNP** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **SEAN FRANCIS, PA-C** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and | CASE NO. 1:23-cv-02147 <br><br> JUDGE BRIDGET MEEHAN BRENNAN <br><br> **PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> *[Trial By Jury Demanded]* |

| | |
|---|---|
| **TIANDREIA LASTER, LPN** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **VEONKA BATES, RN** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **DONNA MADDOX-ALLEN, LPN** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **ANISSA DICKSON, LPN** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **TERRYKA JOHNSON, LPN** <br> 2500 MetroHealth Drive <br> Cleveland, OH 44109 <br><br> and <br><br> **HAROLD PRETEL, CUYAHOGA COUNTY SHERIFF** <br> 1215 West 3rd Street <br> Cleveland, OH 44113 <br><br> and <br><br> **CORRECTIONS OFFICER SENORA SOJOURNEY** <br> c/o Cuyahoga County Sheriff <br> 1215 West 3rd Street <br> Cleveland, OH 44113 <br><br> and | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

2

| | |
|---|---|
| **CORRECTIONS OFFICER SHARNAE KELLEY**<br>c/o Cuyahoga County Sheriff<br>1215 West 3rd Street<br>Cleveland, OH 44113<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Now comes Plaintiff, Joseph Rosalina, Esq., Special Administrator of the Estate of Mark L. Turner, Deceased, by and through undersigned counsel, and for his Complaint against the above-named Defendants states and avers as follows:

## NATURE OF THE ACTION

1. This is a civil rights and medical negligence wrongful death action stemming from the deficient treatment and lack of monitoring that Defendants provided to Plaintiff's Decedent Mark Turner, a 32-year-old detainee at the Cuyahoga County Jail. Mark was found dead in his cell after he was prescribed and administered a toxic combination of drugs by medical care providers at the jail.

2. Plaintiff seeks relief for violations of Decedent's rights secured and guaranteed by Title 42, Section 1983 of the United States Code, the Fourteenth Amendment to the United States Constitution, the laws of the United States, and the laws of the state of Ohio.

3. The claims asserted herein arise from acts, failures to act, and omissions committed while Plaintiff's Decedent, Mark Turner, was in the custody of the Cuyahoga County Jail, where Defendants were obligated to provide medical care to all inmates and detainees, including Plaintiff's Decedent. At all times relevant, these Defendants were acting under color of law and violated Plaintiff's Decedent's clearly established constitutional rights to necessary medical and mental health care and treatment.

4. Defendants acted unreasonably, willfully, wantonly, maliciously, and with reckless and callous disregard for and deliberate indifference to the serious medical and mental health needs of Mark Turner, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his wrongful and untimely death.

5. The Cuyahoga County Jail, the administration for which Defendant Cuyahoga County Sheriff Pretel is responsible and for which Defendant MetroHealth is contracted to provide medical care for all inmates and detainees in the facility, has a shocking pattern of denying detainees prompt and adequate medical care for their serious medical needs, which is the result of unconstitutional customs, practices, and policies at the Jail and the Cuyahoga County Sheriff's Office.

6. Plaintiff seeks monetary damages (compensatory and punitive), as well as an award of costs and attorneys' fees, and all such other relief as the Court deems appropriate.

**JURISDICTION AND VENUE**

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and laws of the United States, including the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

8. The Court has supplemental jurisdiction over state law claims asserted herein pursuant to 28 U.S.C. § 1367.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

10. Plaintiff Jospeh Rosalina is the Special Administrator of the Estate of Mark Turner and brings this action on behalf of all next of kin of Mark Turner, Deceased.

11. Prior to his death, Decedent Mark Turner was a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution of the United States of America and the laws of the state of Ohio.

12. Defendant The MetroHealth System was and is a hospital licensed by the State of Ohio to provide medical care to its patients through its agents, servants, and employees, both actual and apparent. The MetroHealth System is the county hospital of Cuyahoga County, Ohio as that term is used under Ohio Revised Code Chapter 339. At all times relevant, The MetroHealth System was required to provide adequate, necessary, and reasonable medical and mental health care, screening, assessment, treatment, intervention, referral, and attention to detainees at the Cuyahoga County Jail. At all times relevant, Defendant MetroHealth System was acting under color of law. The MetroHealth System is a "person" as defined under Title 42, Section 1983 and is sued in its individual capacity.

13. Defendant MetroHealth System employs physicians, residents and fellows, nurses, and other health care providers to evaluate, care for, and treat patients, and holds itself out to the public as a provider of competent medical care and treatment.

14. Defendant Joseph Baskin, MD is and was a medical doctor providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Baskin was acting within the course and scope of his employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Baskin was acting under color of law. At all times relevant, Defendant Baskin is and was the medical director of the Cuyahoga County Jail. Defendant Baskin is a "person" as defined under Title 42, Section 1983 and is sued in his individual capacity.

15. Defendant Daniel Gauntner, APRN-CNP is and was a certified nurse practitioner providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Gauntner was acting within the course and scope of his employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Gauntner was acting under color of law. At all times relevant, Defendant Gauntner is a "person" as defined under Title 42, Section 1983 and is sued in his individual capacity.

16. Defendant Colleene Coyne-Hall, APRN-CNP is and was a certified nurse practitioner providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Coyne-Hall was acting within the course and scope of her employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Coyne-Hall was acting under color of law. At all times relevant, Defendant Coyne-Hall is a "person" as defined under Title 42, Section 1983 and is sued in her individual capacity.

17. Defendant Sean Francis, PA-C is and was a certified physician's assistant providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Francis was acting within the course and scope of his employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Francis was acting under color of law. At all times relevant, Defendant Francis is a "person" as defined under Title 42, Section 1983 and is sued in his individual capacity.

18. Defendant Tiandreia Laster, LPN is and was a licensed practical nurse providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the

Cuyahoga County Jail. Defendant Laster was acting within the course and scope of her employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Laster was acting under color of law. At all times relevant, Defendant Laster is a "person" as defined under Title 42, Section 1983 and is sued in her individual capacity.

19. Defendant Veonka Bates, RN is and was a registered nurse providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Bates was acting within the course and scope of her employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Bates was acting under color of law. At all times relevant, Defendant Bates is a "person" as defined under Title 42, Section 1983 and is sued in her individual capacity.

20. Defendant Donna Maddox-Allen, LPN is and was a licensed practical nurse providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Maddox-Allen was acting within the course and scope of her employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Maddox-Allen was acting under color of law. At all times relevant, Defendant Maddox-Allen is a "person" as defined under Title 42, Section 1983 and is sued in her individual capacity.

21. Defendant Anissa Dickson, LPN is and was a licensed practical nurse providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Dickson was acting within the course and scope of her employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Dickson was acting under color of law. At all times relevant,

Defendant Dickson is a "person" as defined under Title 42, Section 1983 and is sued in her individual capacity.

22. Defendant Terryka Johnson, LPN is and was a licensed practical nurse providing and/or supervising medical services for Decedent Mark Turner while he was in the custody of the Cuyahoga County Jail. Defendant Johnson was acting within the course and scope of her employment and/or agency and/or apparent agency with Defendant The MetroHealth System. At all times relevant, Defendant Johnson was acting under color of law. At all times relevant, Defendant Johnson is a "person" as defined under Title 42, Section 1983 and is sued in her individual capacity.

23. Defendant Cuyahoga County Sheriff Harold Pretel, sued herein in his official capacity, is and was the lawful Sheriff of Cuyahoga County, Ohio and, through the Cuyahoga County Sheriff's Office and its employees and agents, was the Sheriff of a duly authorized law enforcement agency, with the ability to sue and be sued, residing in Cuyahoga County in the Northern District of Ohio. Defendant Cuyahoga County Sheriff Pretel is a "person" capable of being sued under 42 U.S.C. § 1983. All references to Defendant Sheriff Pretel include references to his predecessor, Cuyahoga County Interim Sheriff Steven Hammett, who was serving as Interim Sheriff in October and November 2022.

24. At all times relevant, the Cuyahoga County Sheriff was responsible for the administration, operation, and supervision of the Cuyahoga County Jail and facilities and for the promulgation, enforcement, review of rules, regulations, policies, customs, and practices relevant therefore, who was acting under color of law.

25. At all times relevant, the Cuyahoga County Sheriff operated, maintained, and/or controlled the Cuyahoga County Jail where the incidents took place, during which time Mr. Turner

8

was under the care, custody, and control of the Cuyahoga County Sheriff, including the employees and agents of the Cuyahoga County Sheriff.

26. At all times relevant, Defendant Corrections Officer Senora Sojourney was a corrections officer acting under the color law within the course and scope of her employment with the Cuyahoga County Sheriff/Cuyahoga County. Defendant Sojourney is a "person" capable of being sued under 42 U.S.C. § 1983 and is sued in his individual capacity. Defendant Sojourney is a resident of Ohio residing in the Northern District of Ohio.

27. At all times relevant, Defendant Corrections Officer Sharnae Kelly was a corrections officer acting under the color law within the course and scope of her employment with the Cuyahoga County Sheriff/Cuyahoga County. Defendant Kelly is a "person" capable of being sued under 42 U.S.C. § 1983 and is sued in his individual capacity. Defendant Kelly is a resident of Ohio residing in the Northern District of Ohio.

**GENERAL ALLEGATIONS**

28. Plaintiff incorporates all the allegations of this Complaint as if fully restated.

29. On November 1, 2022, Decedent Mark Turner was a detainee and/or otherwise detained at and in the custody of the Cuyahoga County Jail. He had been booked into the jail on October 28, 2022.

30. While at the jail, Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Later, Bates, and Maddox-Allen prescribed and gave/administered medications to Mark, including chlordiazepoxide, buprenorphine, dicyclomine, and doxepin.

31. These prescription medications, when combined, carry known risks of causing life-threatening side effects, including, but not limited to, depression of the central nervous system and respiratory depression. Patients prescribed this combination of medications require close

9

monitoring to protect them from central nervous system and respiratory depressive effects that can lead to death. That is, Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Later, Bates, Maddox-Allen, Dickson, and Johnson had a duty to monitor Mark Turner for known side effects of the medications at issue, including signs of depression of the central nervous system and/or respiratory depression.

32. Defendants Sojourney and Kelly were the corrections officers on duty who were responsible for monitoring Mark's pod in the Cuyahoga County Jail on November 1, 2022. This included performing rounds to ensure that Mark was breathing.

33. On November 1, 2022, Mark Turner was found unresponsive in his cell at the Cuyahoga County Jail. He was taken to MetroHealth Medical Center, where he was pronounced dead. Mark was the second inmate to die at the Cuyahoga County Jail on November 1, 2022.

34. At the time that Mark Turner was found, emergency care providers were unable to open his jaw, because of how long he had been deceased without anyone noticing. He was also noted to be cool to the touch, to have lividity in his back, and rigor mortis was noted. Mark Turner had been dead inside of his cell for many hours before anyone at the Jail took notice.

35. An autopsy and toxicology report showed that Mark died of acute intoxication of chlordiazepoxide, buprenorphine, dicyclomine, and doxepin. That is, Mark died from the known combined effects of the medications prescribed to him by Defendants.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF 42 U.S.C. § 1983 FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE FOURTEENTH AMENDMENT**
(against all Defendants)

36. Plaintiff incorporates all the allegations of this Complaint as if fully restated herein.

37. At all times relevant, as a pretrial detainee, Decedent Mark Turner had a clearly established right to adequate medical and mental health care under the Fourteenth Amendment's Due Process Clause.

38. Defendants acted with deliberate indifference to and callous and/or reckless disregard for the rights and critical medical and mental health needs of Plaintiff's Decedent Mark Turner, an individual suffering from an obvious and acute medical condition that required appropriate care, treatment, assessment, intervention, referral, medication, monitoring, and attention to prevent substantial physical and mental health deterioration and death.

39. Specifically, Mark Turner presented to the jail with certain potential medical issues, for which he was prescribed medications at the jail. Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Later, Bates, Maddox-Allen, Dickson, and Johnson prescribed and/or administered to Mark Turner a combination of drugs that individually and in combination carry known risks of serious adverse effects, including depression of the central nervous system and respiratory depression that can cause death. After Mr. Turner was prescribed this combination of medications, Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Later, Bates, Maddox-Allen, Dickson, and Johnson failed to properly monitor him for signs and symptoms of the known adverse effects of these medications, individually, and in combination.

40. Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Later, Bates, and Maddox-Allen knew or should have known that the medications provided to Mark Turner are known to and can cause serious and life-threatening adverse reactions. Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Later, Bates, Maddox-Allen, Dickson, and Johnson therefore should not have prescribed this toxic combination of medications under the circumstances, and/or were otherwise required to closely monitor Mark Turner for signs

11

and symptoms of the known dangerous effects of the medications Defendants prescribed and administered to Mark Turner.

41. Despite knowledge of the dangerous and life-threatening effects these medications can and did have, Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Later, Bates, Maddox-Allen, Dickson, and Johnson were deliberately indifferent to and/or acted with callous disregard for Mr. Turner's serious medical and mental health needs by failing and/or refusing to provide necessary medical care, assessment, evaluation, intervention, referral, and treatment.

42. Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Later, Bates, Maddox-Allen, Dickson, and Johnson knew or should have known that prescribing the combination of medications at issue and/or subsequently failing to monitor Mark Turner's condition could and would result in the rapid and permanent deterioration of Mark Turner's health and, ultimately, his death.

43. Defendants Sojourney and Kelly had a custodial duty to monitor Mark Turner's condition to ensure that he was breathing.

44. On November 1, 2022, Defendants Sojourney and Kelly observed Mark Turner either unconscious in his cell and/or experiencing signs and symptoms that clearly demonstrated a serious medical need that would be apparent to any reasonable person, including, but not limited to, reduced consciousness.

45. Mark Turner had been suffering from a serious medical condition and thereafter was rendered unconscious for an extended period before any jail personnel intervened. By the time emergency care providers arrived, Mark's jaw was in an advanced state of rigor mortis such that responders could not open Mark's mouth to intubate him, Mark was cool to the touch, had lividity

12

in his back, and global rigor mortis had set in. Defendants Sojourney and Kelly failed to properly monitor Mark Turner to ensure that he was breathing and/or not suffering from a serious medical condition.

46. As a direct and proximate result of the conduct of the Defendants in denying Mark Turner necessary assessment, evaluation, monitoring, care, intervention, referral, and treatment, Plaintiff's Decedent, Mark Turner, was forced to endure and suffer extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earning and/or benefits.

47. As a direct and proximate result of the conduct of the Defendants in denying Mark Turner necessary assessment, evaluation, care, monitoring, intervention, referral, and treatment, which resulted in his wrongful and untimely death, Plaintiff's Decedent's next of kin suffered, and will continue to suffer, mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life and pecuniary loss.

**WHEREFORE**, Plaintiff prays for judgment against Defendants named in this Claim for Relief, jointly and severally, for the following:

    a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent, for Mark Turner's injuries, damages, and losses;

    b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

    d. All such other relief which the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
**MEDICAL NEGLIGENCE**
**SURVIVORSHIP**

(against Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Laster, Bates, Maddox-Allen, Dickson, and Johnson)

48. Plaintiff incorporates all the allegations of this Complaint as if fully restated herein.

49. Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Laster, Bates, Maddox-Allen, Dickson, and Johnson and their agents breached the standard of reasonable medical care in connection with their care and treatment of Mark Turner, as alleged herein, including, but not limited, to prescribing him a regimen and combination of drugs that carry known life-threatening side effects, and not monitoring Mr. Turner for the known adverse side effects of the medications Defendants prescribed and administered to Mark Turner.

50. Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Laster, Bates, and Maddox-Allen, Dickson, and Johnson and their agents acted negligently and with reckless and conscious disregard for the safety and well-being of Plaintiff's Decedent, Mark Turner.

51. As a direct and proximate result of Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Laster, Bates, Maddox-Allen, Dickson, and Johnson's negligent and reckless breaches of the applicable standards of care, Plaintiff's Decedent Mark Turner experienced conscious pain and suffering, medical bills, and economic and non-economic damages.

52. As a direct and proximate result of Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Laster, Bates, Maddox-Allen, Dickson, and Johnson's negligent and reckless breaches of the applicable standards of care, Plaintiff's Decedent Mark Turner

14

suffered grievous physical injuries resulting in the permanent loss of organ systems and the inability to perform his activities of daily living.

**WHEREFORE**, Plaintiff prays for judgment against Defendants MetroHealth System, Baskin, Gauntner, Coyne-Hall, Francis, Laster, Bates, Maddox-Allen, Dickson, and Johnson, jointly and severally, as follows:

    a.    Compensatory damages that will fully and fairly compensate Plaintiff, the Estate of Mark Turner, for conscious physical and mental pain that Mark Turner suffered preceding his death, along with the costs of any medical expenses he incurred;

    b.    Punitive damages against Defendants in an amount that will serve to adequately punish and deter the conduct alleged herein;

    c.    All other relief which the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
### WRONGFUL DEATH
(against all Defendants)

53. Plaintiff incorporates all the allegations of this Complaint as if fully restated herein.

54. Defendants and their agents and employees acting within the course and scope of their agency or employment were deliberately indifferent to Decedent Mark Turner's obvious serious medical needs while he was detained at the Cuyahoga County Jail and negligently treated Decedent Mark Turner and, more specifically, negligently and recklessly prescribed him a toxic combination of medications and failed to adequately monitor him for life-threatening effects of acute intoxication.

55. As a direct and proximate result of the indifference, negligence, and recklessness of the Defendants and their agents and employees, Decedent Mark Turner suffered his untimely, preventable, and wronful death.

56. As a direct and proximate result of the above-described indifference and breaches of the standards of care, Plaintiff's Decedent, Mark Turner, was caused to suffer his untimely and wrongful death on November 1, 2022.

57. As a direct and proximate result of the above-described indifference, breaches of the standards of care, and reckless conduct, Plaintiff's Decedent's next of kin, including but not limited to his mother, two sisters, a brother, and a cousin, suffered damages as set forth in R.C. 2125.02, Ohio's wrongful death statute, including, but not limited to, mental anguish and grief, loss of their Decedent's support, services, society, companionship, advice, guidance, counsel, instruction, and consortium/love.

**WHEREFORE**, Plaintiff prays for judgment against Defendants named in this Claim for Relief, jointly and severally, for the following:

    a. Compensatory damages in an amount that will fully and fairly compensate Decedent Mark Turner's next of kin for their mental anguish and grief, loss of their Decedent's support, services, society, companionship, advice, guidance, counsel, instruction, and consortium/love;

    b. All reasonable funeral and burial expenses;

    c. Costs of suit and reasonable attorney's fees;

    d. All other damages recoverable under Ohio's wrongful death statute, including all such other relief which the Court deems appropriate.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF 42 U.S.C. § 1983 FOR CUSTOM, POLICY, OR PRACTICE CAUSING CONSTITUTIONAL VIOLATIONS)**
(Against Defendants Sheriff Pretel in His Official Capacity and MetroHealth System)

58. Plaintiff incorporates all the allegations of this Complaint as if fully restated herein.

59. At all times relevant, Defendant Cuyahoga County Sheriff Pretel had a non-delegable duty to provide adequate care, custody, and control of and over those persons, including Plaintiff's Decedent, Mark Turner, detained at the jail. This duty includes the duty to provide adequate and timely medical and mental health care and to respond timely to serious medical and mental health needs of those detainees.

60. At all times relevant, Defendants Cuyahoga County Sheriff Pretel and MetroHealth System, and each of them separately, promulgated and maintained a *de facto* unconstitutional custom, policy or practice of permitting, ignoring and condoning and/or encouraging officers, deputies, nurses, physicians, medical and mental health personnel, and other employees and agents to fail or refuse to provide timely and adequate medical and mental health assessment, evaluation, intervention, referral, treatment and care for individuals detained at the Cuyahoga County Jail. This failure includes the failure and/or refusal to provide timely and adequate medical and mental health assessment, evaluation, intervention, referral, treatment, and care for individuals prescribed medications that can cause depression of the central nervous system and respiratory depression.

61. These customs, policies and/or practices were the direct and proximate cause of the constitutional violations visited upon, and the injuries and death of, Plaintiff's Decedent, Mark Turner, and each of the Defendants named in this Claim for Relief acting in accordance with this custom, policy or practice failure and/or refusal to provide timely and adequate medical and mental health assessment, supervision, and monitoring and/or otherwise acted in a manner that shocks the conscience and offends traditional notions of decency.

62. At all times relevant, the policies, customs and/or procedures referenced in this Claim for Relief were facially and/or *de facto* violative of the clearly established and known rights of detainees at the Cuyahoga County Jail, including Plaintiff's Decedent, Mark Turner, and their

17

implementation constitutes deliberate indifference to and/or reckless and callous disregard for the constitutional rights of said detainees, including Mark Turner, secured by the Fourteenth Amendment of the United States Constitution, including, the right to adequate medical and mental health care under the Fourteenth Amendment's Due Process Clause.

63. At all times relevant, the policies, customs and/or procedures referenced in this Claim for Relief were applied in such a manner, and known by Defendants Cuyahoga County Sheriff Pretel and Defendant MetroHealth, to be applied in such a manner, such that violations of the constitutional rights of detainees at the Cuyahoga County Jail, including Plaintiff's Decedent, Mark Turner, were likely and substantially certain to, and did, occur. Furthermore, the application and/or misapplication of these policies, practices and/or procedures amount to violations of the constitutional rights of said detainees, including Mark Turner, secured by the Fourteenth Amendment to the United States Constitution, including the right to due process of law, life, liberty, and to be free from the right to adequate medical and mental health care under the Fourteenth Amendment's Due Process Clause.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, Cuyahoga County Sheriff Pretel and The MetroHealth System, Inc., jointly and severally, for:

- a) Compensatory damages in an amount that will fully and fairly compensate Plaintiff, the Estate of Plaintiff's Decedent, for Mark Turner's injuries, damages, and losses;
- b) Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
- c) All such other relief which the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 29th day of April 2024.

*/s/ Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*khulick@spanglaw.com*

***Counsel for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System.  Copies will be served upon counsel of record and may be obtained through the Court's CM/ECF Systems.

*/s/ Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*khulick@spanglaw.com*

***Counsel for Plaintiff***
